IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JANA LEE ASPIN,

        Plaintiff,

vs.

WASHINGTON MUTUAL BANK N.A.,
EXPERIAN INFORMATION SOLUTIONS, INC.
TRANS UNION L.L.C. and
EQUIFAX INFORMATION SERVICES, LLC,

        Defendants.

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### Introduction

### Jurisdiction

1.   This Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and under 28 U.S.C. §§1331, 1337.

### Parties

2. Plaintiff Jana Lee Aspin resides in Albuquerque, New Mexico. She is a "consumer" as defined by §1681a(c) of the FCRA.

3. Defendant Washington Mutual Bank, N.A. ("WaMu") is a foreign corporation, doing business in New Mexico as a mortgage lender. WaMu is a "furnisher of information" as contemplated by FCRA, 15, U.S.C. §1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

4. Defendant Trans Union LLC ("Trans Union") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Trans Union assembles or evaluates consumer credit information or other information on consumers

for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Trans Union is a national credit reporting agency.

7. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation which is a "consumer reporting agency" as defined by §1681a(f) of the FCRA. Experian assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Experian is a national credit reporting agency.

9. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation which is a "consumer reporting agency"as defined by §1681a(f) of the FCRA. Equifax assembles or evaluates consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties and uses means of interstate commerce for the purpose of preparing or furnishing consumer reports. Equifax is a national credit reporting agency.

**FACTS**

5. Ms. Aspin is a businesswoman who invests in property, upgrades the homes and resells them.

6. She acquired a piece of residential real estate and obtained a mortgage on the property through Washington Mutual Bank, N.A. ("WaMu").

7. When she resold the property, by a real estate contract, the closing took place through American Escrow.

8. This escrow company collected monies and was supposed to forward the money to

WaMu.

9. However, this escrow company did not put the correct account number on the first check or checks that it sent.

10. As a result, WaMu did not credit the money to Ms. Aspin's account.

11. WaMu just stuck the money into a reserve account and failed to contact the escrow company, to find out the account to which the payments belonged.

12. WaMu then issued default notices to Ms. Aspin.

13. Worse, WaMu reports to the national credit reporting agencies that Ms. Aspin made late payments on her account, thus damaging her credit reputation and her credit scores.

14. Ms. Aspin has explained the problem to both WaMu and American Escrow, and she has asked them to rescind the default notices, to credit the payments properly to her account, and to notify credit reporting agencies that Ms. Aspin made all her payments, on time.

15. WaMu set aside the default but has failed to correct these other problems.

16. WaMu is fully aware that it received payments in the proper amount and at the proper time under the mortgage agreement, but it willfully disregards this information and continues to report a delinquency to the credit reporting agencies.

17. Ms. Aspin has spoken with WaMu about this problem and received WaMu's assurance it would correct the problem.

18. American Escrow also claims it contacted WaMu about the problem, documented the error as its own, and obtained WaMu's promise to correct the error.

19. However, WaMu willfully refuses to acknowledge the error and continues to report Ms. Aspin as culpable.

20. Ms. Aspin has disputed this credit reporting error with all three national credit reporting

agencies, Trans Union, Equifax and Experian.

21. Ms. Aspin also asked those credit reporting agencies to explain to her what they were doing to investigate the dispute.

22. Unfortunately, WaMu continues to verify the accuracy of its reporting, to each of the credit reporting agencies.

23. None of the credit reporting agencies has conducted a genuine and reasonable investigation into the inaccuracy, as requested by Ms. Aspin. Each continues to parrot WaMu's response and to report Ms. Aspin as having made one or more late payments.

24. The credit reporting agencies failed to review and consider all relevant information submitted by Ms. Aspin in connection with her dispute.

25. The credit reporting agencies persist in reporting information that they knew or should have known to be inaccurate and damaging to Ms. Aspin.

26. Ms. Aspin is damaged because the damage to her credit reputation means she can no longer obtain the credit she needs to buy property, except at much higher subprime interest rates.

27. Ms. Aspin also has suffered damages in the form of lost time; out-of-pocket expenses; embarrassment; and aggravation and frustration.

### First Claim for Relief: Violations of the FCRA by WaMu

28. WaMu failed to review and consider all relevant information submitted by Ms. Aspin.

29. WaMu failed to conduct a genuine and reasonable reinvestigation in response to Ms. Aspin's disputes.

30. WaMu failed to report to Equifax, Experian and Trans Union that the information it reported about the account is inaccurate.

31. WaMu persisted in reporting information that it knew or should have known to be inaccurate and damaging.

32. WaMu's actions are willful or, in the alternative, negligent, violations of the FCRA, including 15 U.S.C. § 1681s-2(b).

33. Ms. Aspin is entitled to actual damages, punitive damages, costs and reasonable attorney fees.

### Second Claim for Relief:
### Violations of the FCRA by Trans Union, Equifax and Experian

34. The credit reporting agencies failed to maintain reasonable procedures to ensure the maximum possible accuracy of the consumer credit information it reported concerning Ms. Aspin.

35. The credit reporting agencies:

    a. failed to review and consider all relevant information submitted by Ms. Aspin in connection with her disputes;

    b. failed to provide WaMu with all relevant information provided by Ms. Aspin;

    c. failed to conduct a genuine and reasonable reinvestigation in response to Ms. Aspin's dispute;

    d. persisted in reporting information that they knew or should have known to be inaccurate and damaging; and

    e. failed to delete inaccurate information from Ms. Aspin's credit report.

36. The actions and inactions of the credit reporting agencies were willful, or, in the alternative, negligent violations of the FCRA, including 15 U.S.C. §§ 1681e and 1681i.

37. Ms. Aspin is entitled to actual damages, punitive damages, costs and reasonable attorney's fees.

### Third Claim for Injunctive Relief

38. The credit reporting of Ms. Aspin's WaMu account, and the credit reporting agencies' actions and inactions concerning the reporting of the account, constitute a violation of the New Mexico Unfair Practices Act, § 57-12-1 *et seq.* NMSA.

39. Defendants knowingly and willfully engaged in the violation of the UPA.

40. Plaintiff is entitled to injunctive relief under that Act, as well as under the court's inherent power to award equitable relief, to enjoin the inaccurate credit reporting, which causes her irreparable injury.

### Jury Demand

41. Plaintiff hereby demands trial by six-person jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Award actual damages and punitive damages for Defendants' violations of the FCRA;

B. Award reasonable attorney's fees and costs;

C. Enjoin defendants from incorrectly reporting her WaMu account;

D. Provide such further relief this Court deems just.

Respectfully submitted,

*E-filed May 9, 2007*
Richard N. Feferman
FEFERMAN & WARREN, Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773